IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

*F I L E D*

APR 1 8 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Montrell McSwain,
    Petitioner,

v.

United States of America,
    Respondent.

CASE NO. 08-C-50055

NOTICE OF AMENDED APPEAL
PURSUANT CIVIL RULE
60-B(4)

---

NOW COMES, petitoner, Montrell McSwain, pro-se, and files 60-B(4) of the District Court petition ruling alternatively moves this Court for a rule 60-B(4), petitioner has a due process right to appeal District Court proceedings because of public law 80-773, 28 U.S.C. sec. 2255 and 28 U.S.C. sec. 2241 are Nullities as a matter of law and are unconstitutional on their face, void ab initio as established by Judicially noticed facts, petitioner request that this Court accept this Federal Civil Rule 60-B(4) petition to correct a void Judgment to be voided based on the violation of title 18, 7 relating to the jurisdiction of the United States Courts versus Jurisdiction of the State Courts.

In contending argument, petitioner respectfully submits the following:

A.
  1.) The two Houses of the Congress passed the same numbered Bill, one house in the first session of Congress and the second house in

the second session of the same Congress ( the two sessions being
seperated by a Sine die intersession adjournment, see:
    Kennedy v. Sampson, 511 F.2d 430, 444, Appendix  N 4,5 )),
specifically it is unconstitutuional, or illegal for the House
of Represertatives to p ass H.R. 3190 in 1947 in the first session
of the 80th Congress, without the house passing it once again in
the second session.

2.) President Truman pocket 19 Bill after the first adjournment
of Congress in 1947, which can only be done if Congress is fully
adjourned sin die, Pocket veto case, 279 U.S. 655 (1929), President
Truman, than by Proclamation, called Congress back into session,
which can only be done if the prior session is completed and fully
adjourned sine die ( see prorogation v. adjournment ).

3.) An  H.R. Bill cannot be first passed by the senate before it
is passed by the house of Repersentatives , specifically, the fact
that the house of representatives concurred in the senate amendments
( on June 18, 1948 ), after the senate passed the amended H.R. 3190 )
did not cure the problem.

4.) It is unconstitutional for the speaker of the House of reper-
sentatives and the President protempore of the senate to sign an
enrolled bill after the final adjournment of the Congress ( not in
open session ), specifically, it is unconstitutional for the
speaker of the house and the President pro tempore of the senate
to sign an enrolled bill, H.R. 3190 on June 22, and June 23, 1948,
respectively, after the final adjournment of the 80th Congress on
June 20, 1948.  The above referenced ( 3 ) is unconstitutional
even in light of the House Concurrent Resolution 219, which both
houses passed June 19, 1948, to authorize ( 3 ), because President

Truman never had to sign H. Con. Res. 219.

5.) The above-referenced ( 3 ) is also illegal under 1 U.S.C. §101 which states, be enacted by the senate and House of Repersatives of the United States of America in Congress assimbeled, despite the fact that both Houses of the 80th Congress passed H. Con. Res. 219 to authorize the above referenced ( 3 ) because a House of Concurrent does not require the presidents signature and thus, cannot (innalidate) 1 U.S.C. 101.

6.) The House of Repersatives never voted on the amended Bill that the senate passed on June 18, 1948, thus even if we assume that there is no problem with the House of Repersenatatives passing H.R. 3190 in the first session ( 1947 ) of the 80th Congress, the problem is still not solved because the senate amended the bill that the house had passed in ( 1947 )., The house and the Senate passed differnt bills in violation of the presentment Clause, Article 1, sec 7, of the United States Constitution.

7.) The enrolled Bill was altered from the engrossed Bill to make it appear that the Bill passed both Houses of Congress in the second session of the 80th Congress, rendering it a fraud and forgery and invalid, specifically, the enrolled Bill and must be the same as the engrossed Bill, to establish that both house passed the same Bill, the 80th Congress decided to violate the seperation of powers doctrine and falsify the dates on the enrolled Bill.

8.) Since public law 80-772 ( Title 18 ) was never published in the federal register, and is not listed in the Code of federal regulations, the public was never properly notified of the law and it is a nullity. see 44 U.S. 1507 ( pub. L. 90-620, Oct. 22, 1968, 82 stat. 1276, based on 44 U.S. code 1964ed., 307 ( July 26, 1935, CH. 417, 7, 49

Stat. 502 ), in fact, a look at the code of federal regulations
under title 18 shows that it deals with conservation of power
and water resources, title 18 was never enacted into law therefore
no federal statutes exist not 28 U.S.C., 21U.S.C., 18 U.S.C., ect...

B.

No Waiver or Procedural Hurdle Exists

When a petitioner claims are jurisdictional in nature they can
be raised at any time, no procedural hurdle exists if a court has
no jurisdiction over petitioner.

Lack of article 3 jurisdiction cannot be waived and cannot be
conffered upon a federal district court by consent, by action, or
by stipulation. see

California v. Larue, 400 U.S. 109.112,34L.Ed.342,93S.Ct.390 (1972)

The validity of an order on sentencing of a federal district
court depends on that court having jurisdiction over both subject
matter and the defendant. see

C.

The Government is Esstoped From Even Arguing Against Tilte 18

1.) When one house seeks the consent of another house and goes out
on a recess for more than 3-days you have bicameral action, which
constitutes an adjournment of Congress.... the Constitution implies
that any adjournment by the Congress - that is any adjournment of
either house for longer than 3-days gives occasion for the packet
veto clause.  The Constitution implicitly defines adjournment of
Congress, which takes place whenever either house goes out for
more than 3-day. ( John Mcginnis of the office of legal counsel,
packet veto hearing in 1990 before the house of Judiciary Commitee )
see also, congressional directory. Definition of packet veto: is
when president fails to sign a bill within the 10 days allowed by

4

the Constitution. Congress must be in adjournment in order for a
packet veto to take effect sice the Dot's official posission before
congress supports the fact the statue is anullity, then they, the
government are esstopped from arguing otherwise.

D.
  A district court must obtain its jurisdiction exclusively from the
constitution and statues of the United States, without a valid statue,
it has no jurisdiction except to dismiss the cause, 18 U.S.C. 3231
is unconstitutional on its face because it is part of the unconstit-
utional and fraudalent enactment of H.R. 3190 and public Law 80-772.
18 U.S.C. 546, the prior 1940 enactment, defined diffrent crimes
and carried diffrent penalty provisions, gave the court jurisdiction
to prosecute crimes, but jurisdiction only over the crimes in that
title, petitioner Montrell McSwain was not indicted based on any of
the crimes in that title, and therefore, his indictment is null and
void without a valid indictment, no jurisdiction exist to continue
petitioners illegal incarceration. NO LAW, NO CRIME. SEE
  U.S. ex. Rel. Clark v. Anderson, 502 F.2d 1080 ( 3rd Cir. 1974 )

E.
  Petitioner Rebuts the District Court Recharacterzation of his
        Federal Civil Rule 60-B(4) Petition

    Petitioner recognizes that he is procedurally prohibited from
filing a 28 U.S.C. §2255 at this time because there has not been a
final decision in criminal case No.OCR50082-5 due to petitioners
direct appeal, so therefore petitioner Montrell McSwain is in no
way trying to attack the district courts sentence under 28 U.S.C.
§2255, petitioner is attacking jurisdiction of the district court.

    Therfore petitioner hereby demands of this Legislative assembly
tribunal to dismiss criminal action No. OCR50082-5 because of lack

of jurisdiction ( exclusive ) over the exact geographical location
where the alleged criminal activity mentioned in indictment took
place, petitioner strongly relies on the opinion of the recent case

U.S v Lopez, No. 93-1260.115S.Ct.1624,131 L.ED2d626.
petitioner commands this court to discharge alleged criminal pro-
ceeding, petitioner cites where a federal court is without jurisdic-
tion of the offense, judgment or conviction of the jury is void
ab initio, on the face, see

Bauman v. United States, CCP. Louisiana, 156 Fed.534.
petitioner is aware of the distinction between the dual nature of
the Federal Court system is also noted in title 18 U.S.C. 3231 which
states, that the United States District Courts for the canal zone
shall have jurisdiction concurrently with the district courts of
the United States commited upon the high seas, and this distinction
is why venue and federal jurisdiction prosecution requirement. see

U.S v. Jhonson, 33 Fed180,15L.Ed2d681,385U.S.846,17L.Ed77,117.
therefore Montrell McSwain, petitioner demands of this legislative
tribunal to establish exclusive jurisdiction consisting of:

A.) Documentation showing ownership of each and every geographical
location mentioned in the instant indictment, where the alleged
criminal activity took place.

B.) Documentation from the legislature of the state of Illinois
surrendering jurisdiction to the same geographical location as
in ( A ) above.

C.) Documentation pursuant to title 40 U.S.C. 255 where the
United States accepted jurisdiction to the same location in ( A )
above.

The jurisdiction challenge issue can never be waived or acquesed by the defendant, in the absence of a positive showing upon the record that jurisdiction was established, petitioner states for the record that article IV, sec. 3 clause 2 is for territorial court and certain courts created by congress.

Therefore petitioner asks what type of court does this Honorable Court consider itself to be without consent or waiver of subject matter jurisdiction, petitioner is aware that it is axomatic that prosecution must always prove territorial jurisdiction over a crime in order to sustain a conviction, as in:

United States v. Benson, 495 F.2d 481.
petitioner requests that this court treat this petition for a F.R.CR.P. Rule 60-B(4). Petitioner raises the issue of invalidity of the statues with Supreme Court, since judicially noticed facts and facts and law also establishes that public law 80-772 and 18 U.S.C. 3231 are nullities, which were never enacted into law and are unconstitutional on their face, the district court never had jurisdiction aver the petitioner and his indictment and conviction are nullities.

### IN CONCLUSION

If a court lacks subject matter jurisdiction cited under 12 (B) 1 F.R.Civ.P the court cannot render a valid judgment where jurisdiction does not appear upon the face proceeding, inwhich I Montrell McSwain petitioner does not consent to this court jurisdiction in sentencing me to imprisonment, fines, probation, or anything else under corporate rules of law, If you, your Honor continues to keep me detained against my will with this unconstitutional violation against me, you will be commiting perjury, according to the oath

you were sworn under as a district judge to protect the law and my rights as guaranteed by the United States Constitution, petitioner therefore moves this court for the Northern Western District of Illinois to dismiss the indictment immediately, with prejudice.


Respectfully Submitted by

Montrell McSwain
On this 10th day of April, 2008.


Montrell McSwain
Reg. No. 30030-424
Federal Correctional Institution ( Beckley )
P.O. Box 350
Beaver, WV.  25813



Montrell McSwain #30030-424
Federal Correctional Institution (Bec
P.O. Box 350
Beaver, WV. 25813

office of
Clerk of the U.S. District Court
211 S. Court Street
Rockford, IL. 61101